Trinette G. Kent, Esq. (Bar No. 222020)
Lemberg Law, LLC
1333 Stradella Road
Los Angeles, CA 90077
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Russ Burke, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Transworld Systems, Inc.<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

For his Class Action Complaint, Plaintiff, Russ Burke, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Russ Burke ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Transworld Systems, Inc. ("Transworld" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed calls using an artificial and/or prerecorded voice to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Transworld is one of the country's largest debt collectors. It touts that it services a portfolio of more than $25 billion and that 2.3 million accounts are placed with it annually. *See* https://www.tsico.com/about-tsi/ (last visited May 14, 2018).

3. In connection with its debt collection efforts, Transworld operates an aggressive contact schedule which bombards unsuspecting consumers, with whom it has no relationship, with calls using a prerecorded and/or artificial voice.

4. Plaintiff is such a consumer. Transworld is not seeking to collect a debt from him, yet has nevertheless bombarded his cellular telephone with prerecorded and artificial voice calls made without his consent and over his explicit objection.

5. Plaintiff seeks relief for himself and all others similarly situated for Transworld's unlawful behavior.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

7. Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff also

alleges a national class which will result in at least one class member residing in a different state.

8. The Court has personal jurisdiction over Transworld as Transworld is a California corporation with offices within this District.

9. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Roswell, Georgia.

11. Transworld is a California corporation with an address of 360 North Crescent Drive, South Building, Beverly Hills, CA 90210.

12. Plaintiff does not owe any debts currently being collected by Transworld, has never had a business relationship with Transworld and never consented to be contacted by Transworld on his cellular telephone.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

13. The TCPA regulates, among other things, the making of any call to a cellular telephone using an "artificial or prerecorded voice" without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A).

14. To establish liability under the TCPA, Plaintiff need only prove that Defendant used an artificial or prerecorded voice, or an automated telephone dialing system, *not both*. *See Iniguez v. The CBE Grp.*, 969 F. Supp. 2d 1241, 1247 (E.D. Cal. 2013) ("Plaintiff's complaint alleges both that Defendant used an automatic telephone dialing system and that Defendant's system utilized an artificial voice. . . . Either allegation is sufficient on its own to support Plaintiff's claims."); *Vaccaro v. CVS Pharmacy, Inc.*, No. 13-CV-174-IEG RBB, 2013 WL 3776927, at *3 (S.D. Cal. July 16, 2013) ("Alleging the use of either an ATDS or an artificial or prerecorded voice would suffice; here, Plaintiff adequately pleads both.").

## ALLEGATIONS APPLICABLE TO ALL COUNTS

15. Transworld has repeatedly placed calls using a prerecorded and/or artificial voice to Plaintiff's cellular telephone (262) XXX-5396.

16. Plaintiff's number was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. Transworld calls Plaintiff from telephone numbers (779) 970-2672, (779) 970-2620 and (779) 970-2724.

18. Each time Plaintiff answered Transworld's calls to his cellular telephone, he heard an identical prerecorded message stating that the call was from Transworld Systems and listing a reference number.

19. Moreover, each of the calls that Transworld placed to Plaintiff's cellular telephone were regarding a woman who Plaintiff does not know.

20. On or about April 5, 2018, Plaintiff placed an outbound call to Transworld, provided Transworld with his cellular telephone number, and asked Transworld to cease calling his cellular telephone.

21. In response, Transworld told Plaintiff that it was unable to locate the calls it placed to Plaintiff's cellular telephone.

22. Nevertheless, following the April 5, 2018 call, Transworld continued to place calls with a prerecorded and/or artificial voice to Plaintiff at the -5396 number.

23. Defendant did not have Plaintiff's prior express consent to place calls using a prerecorded and/or artificial voice to Plaintiff on his cellular telephone.

## CLASS ACTION ALLEGATIONS

**A. The Class**

24. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

25. Plaintiff represents, and is a member of the following class:

**All persons within the United States to whom Transworld or its agent/s and/or employee/s called said person's cellular telephone using a prerecorded voice and/or an artificial voice within the four years prior to the filing of the Complaint where such person was not a person who Transworld was seeking to collect a debt from.**

26.   Transworld and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

B. **Numerosity**

27.   Upon information and belief, Defendant has placed calls using a prerecorded and/or artificial voice to cellular telephone numbers belonging to thousands of consumers, after being informed it was calling the wrong party, throughout the United States. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28.   The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's call records.

C. **Common Questions of Law and Fact**

29.   There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant made calls to Plaintiff and Class members' cellular telephones using a prerecorded voice;

   b. Whether Defendant made calls to Plaintiff and Class members' cellular telephones using an artificial voice;

    c. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

    d. Whether Defendant's conduct was knowing willful, and/or negligent;

    e. Whether Defendant is liable for damages, and the amount of such damages; and

    f. Whether Defendant should be enjoined from such conduct in the future.

30. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places calls using a prerecorded and/or artificial voice to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

31. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

32. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding via Class Action is Superior and Advisable

33. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against AI is small because it is not economically feasible for Class members to bring individual actions.

34. Management of this class action is unlikely to present any difficulties.

Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

## COUNT I
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

35. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

36. Defendant negligently placed multiple calls using a prerecorded and/or artificial voice to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

37. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

38. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

40. Plaintiff and the Class are also entitled to and do seek a declaration that:
   a. Defendant violated the TCPA;
   b. Defendant utilized a prerecorded and/or artificial voice to call Plaintiff and the Class;
   c. Defendant placed calls using a prerecorded and/or an artificial voice to the Plaintiff and the Class without prior express consent.

# COUNT II
## Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

41. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

42. Defendant knowingly and/or willfully placed multiple calls using a prerecorded and/or an artificial voice to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

43. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

44. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

46. Plaintiff and the Class are also entitled to and do seek a declaration that:
   a. Defendant knowingly and/or willfully violated the TCPA;
   b. Defendant knowingly and/or willfully used a prerecorded and/or an artificial voice to call Plaintiff and the Class;
   c. Defendant willfully placed calls using a prerecorded and/or artificial voice to non-debtors such as Plaintiff and the Class, knowing it did not have prior express consent to do so; and
   d. It is Defendant's practice and history to place prerecorded and/or artificial voice calls to non-debtors without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Classes the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Declaratory relief as requested;
3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
4. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);
5. An award of attorneys' fees and costs to counsel for Plaintiff; and
6. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  May 29, 2018

RUSS BURKE,

By:  /s/ Trinette G. Kent
Trinette G. Kent, Esq. (Bar No. 222020)
Lemberg Law, LLC
*Attorneys for Plaintiff*